IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE LEE JONES, PRO SE, | § | |
| TDCJ-CID #1334913 | § | |
| Previous TDCJ-CID #1006155 | § | |
| Previous TDCJ-CID #1278063 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0203 |
| | § | |
| C. MARTAUS, K. McCOY, and | § | |
| JOHN H. ADAMS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff EDDIE LEE JONES, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and was granted permission to proceed *in forma pauperis*.

Plaintiff complains his First, Eighth, and Fourteenth Amendment rights were violated on June 1, 2009 when he left Bible Study to use the restroom and found there is insufficient toilet paper for his needs. He says he approached defendant CO III MARTAUS at the front to request permission to use the restroom and for additional toilet paper and MARTAUS refused his request.

Plaintiff argues the need for toilet paper is a basic human need necessary to his health and safety and the refusal constituted the inflication of a serious harm in violation of the Eighth Amendment.

Plaintiff further alleges defendant MARTAUS never told him not to use the restroom but that, when another inmate asked permission to do so and found someone else was using it, defendant MARTAUS "went to the restroom door" and said she was going to write him a case for being out of place.  Plaintiff contends this violated his Fourteenth Amendment right to due process.

Plaintiff complains defendant Lt. McCOY and defendant Warden ADAMS failed to intervene and take action to curb this wanton infliction of pain.  Plaintiff argues McCOY and ADAMS directly participated when they learned of the violation of plaintiff's rights and failed to fix the situation; that they created a policy or custom allowing or encouraging the illegal acts, and that they were grossly negligent in managing the staff.

Plaintiff does not specify what relief he wants.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves a deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).  Further, an Eighth Amendment challenge to conditions must contain facts showing that the responsible officials acted with deliberate indifference to the prisoner's conditions. *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999)(citing *Farmer v. Brennan*, 511 U.S. 825, 837-43, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A single instance of the deprivation of toilet paper, as a matter of law, does not constitute cruel and unusual punishment warranting Eighth Amendment relief.  *Accord, Hamilton v. Lyons*, 74 F.3d 99, 106 n.8 (5th Cir. 1996)(citing *Hutto v. Finney*, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 2571, 57 L.Ed.2d 522 (1978)("A filthy, overcrowded cell and diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or months.").

As to plaintiff's claim that he was deprived of due process by MARTAUS' writing him a disciplinary case, plaintiff said he requested permission to use the bathroom and for more toilet

---

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

paper and was refused. He argues MARTAUS did not expressly instruct him not to use the bathroom; however, even if the disciplinary case were false, there is no longer a freestanding section 1983 claim for malicious prosecution in this circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim under section 1983. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff does not state how he feels his First Amendment rights were violated. The Court issued an August 19, 2009 Briefing Order asking plaintiff which First Amendment right was violated and requesting an account of the facts underlying the violation of his First Amendment rights. Plaintiff responded that his Eighth Amendment rights had been violated [plaintiff's September 1, 2009 Questionnaire Response at Question no. 1]. Thus, it appears plaintiff's complaint is limited to a claim of Eighth Amendment violation. To the extent plaintiff is attempting to claim a First Amendment violation on these facts, the mere fact that he might have had to choose between returning to his cell or attending his Bible class in discomfort did not constitute such a violation.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff EDDIE LEE JONES is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

4

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 17th day of June, 2010.

        /s/ Mary Lou Robinson
        MARY LOU ROBINSON
        United States District Judge